NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-474-KKC

RICKI MACK McCLENDON                                        PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

CHARLES SAMUELS, JR., Warden                               RESPONDENT

Ricki Mack McClendon, an individual incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, together with a motion to proceed *in forma pauperis*. The motion will be denied on the ground that the petitioner is not indigent and also on the ground of mootness, the filing fee having been paid.

The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

ALLEGATIONS AND CLAIMS

The following is a summary or construction of the allegations made and the claims asserted in the instant completed form petition, accompanying memorandum of law, and the opinion affirming the petitioner's convictions.

A jury convicted the petitioner of conspiracy to distribute cocaine and to possess cocaine with the intention of distributing it, in violation of 21 U.S.C. §§841(a)(1) and 846, and using or carrying

of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c)(2), in the United States District Court for the Southern District of Indiana. On November 17, 1996, the petitioner was sentenced to 271 months' incarceration. He appealed, but the convictions were affirmed by the Seventh Circuit. *United States v. McClendon*, 139 F.3d 902 (7th Cir. 1998). McClendon states that he also challenged the drug conviction on the same ground in a motion to vacate pursuant to 28 U.S.C. §2255, but it was denied on March 26, 1999.

On August 31, 2005, Petitioner McClendon filed the instant proceeding pursuant to 28 U.S.C. §2241. He first states the general rule that a petitioner may use §2241 to reach claims when other remedies are inadequate; and the specific rule that claims based on *Bailey v. United States*, 516 U.S. 137 (1995) are to be entertained *via* §2241.

Therefore, like previous petitioners in several cited cases, he has brought to this Court (1) his *Bailey* claim challenging the firearms conviction under §2241, *i.e.*, that the government failed to prove use or carrying, as "use" was later defined in *Bailey*. On this basis, the firearms conviction should be vacated. Additionally, he presents (2) a "classic" sentencing claim, *i.e.*, because he was never charged with a drug quantity or amount, the Court's imposition of a lengthy sentence for the drug offense is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker,* 543 U.S. ----, 125 S.Ct. 738 (2005).

DISCUSSION

It is 28 U.S.C. §2255 which relates to conviction and imposition of sentence, and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*,

2

805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  Since the petitioner's claims relate to the conviction obtained and sentence imposed by the federal district court in the Southern District of Indianapolis, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241.  Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.  Because the instant petitioner uses the "inadequate" language, the Court construes that he is seeking to proceed under the savings clause.

Use of the savings clause has undergone an upsurge in popularity in recent years, because of the *Bailey* decision, wherein the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense.  Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Claimants under the Supreme Court's new opinion, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain, requiring appellate court authorization and a high standard after Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996.  Therefore, from 1996 to the present, prisoners like the petitioner here have tried to meet the conditions of the savings clause of §2255 so that they may use §2241 to bring a successive

3

or untimely §2255 claim.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), the Sixth Circuit first examined the savings clause and emphasized that relief under §2241 is not a "catch all" remedy, but is extremely limited, available only upon the petitioner's demonstration that his §2255 remedy is truly "inadequate and ineffective."  The Court specified that an earlier unsuccessful §2255 motion or current time bar will not meet this standard.  *Id*. at 757.  Moreover, the burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at 756.  Because Petitioner Charles had clearly failed to meet this standard or to assert actual innocence, the appellate court affirmed the *sua sponte* dismissal of his §2241 petition by this Court.  *Id.* at 757.

The Sixth Circuit used the same inquiry and reached a contrasting result in the later case of *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), where the petitioner had been denied permission to bring a new claim based on an intervening Supreme Court opinion.  Therefore, Martin's remedy by §2255 was truly barred.  The Sixth Circuit next examined the claim which he wanted to present and concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." *Id.*, 319 F.3d at 804.  Therefore, the Court adopted a second prerequisite for entertaining a §2241 petition, *i.e.*, a claim of actual innocence of violating a federal statute as the statute is explained in an intervening High Court case.

Based upon this authority, this Court evaluates whether the instant petitioner has established both of the requisite pre-conditions so that the Court may use §2241 to weigh his challenges to his convictions and sentence on the merits, *i.e.*, (1) whether he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) whether he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which

4

he was convicted.  Then and only then will this Court be able to address the merits of the innocence claim under 28 U.S.C. §2241.

In the instant case, the Court finds that Petitioner McClendon has failed to present either of these prerequisites.  He does not allege that he sought permission from the appellate court to bring these two claims in a successive §2255 motion and was denied.  Nor does he claim actual innocence of the crimes for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime.  Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.  The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

All of this petitioner's claims are actually legal ones, and case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

Even if the Court were justified in considering this petitioner's claims based upon the intervening Supreme Court cited  herein, Petitioner would not be entitled to relief under 28 U.S.C.

5

§2241, the Sixth Circuit having specifically determined that the *Booker* ruling, like the earlier *Apprendi* holding, is not applicable on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir.2005) (*Booker's* rule does not apply retroactively in collateral proceedings). *See also In re Anderson,* 396 F.3d 1336, 1339 (11th Cir.2005) (""It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* [the petitioner] cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review.""").

Therefore, the petitioner having failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is either inadequate or ineffective and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, the instant petition must be denied and this cause dismissed.

<u>CONCLUSION</u>

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)    Petitioner McClendon's petition for writ of habeas corpus is **DENIED**;

(2)    his motion to proceed *in forma pauperis* [Record No. 3] is **DENIED**; and

(3)    this action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 12th day of September, 2005.



**Signed By:**

**<u>Karen K. Caldwell</u>**

**United States District Judge**

6